UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANIQUE BEST,<br><br>Plaintiff,<br>v.<br><br>BANK OF AMERCA, N.A.,<br><br>Defendant. | **MEMORANDUM AND ORDER**<br><br>24-cv-03123 (LDH) (MMH) |

LASHANN DEARCY HALL, United States District Judge:

Shanique Best ("Plaintiff") brings this putative class action against Bank of America, N.A. ("Defendant") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et. seq.*, and state law claims for breach of contract and unjust enrichment.[1] Defendant filed a motion to strike class allegations, which Magistrate Judge Marcia M. Henry recommended the Court deny. Before the Court are Defendant's objections to Magistrate Judge Henry's report and recommendation.

## BACKGROUND[2]

In order to protect financial institutions against fraud, credit reporting agencies ("CRA") share information to financial institutions about consumers who allegedly engaged in fraud. (Am. Compl. ¶ 6, ECF No. 24.) If a financial institution determines that a consumer engaged in fraud, it too can create fraud warnings to share with the CRAs that the CRAs will in turn sell to other financial institutions. (*Id.*) A fraud warning as to a consumer has direct and severe consequences for the consumer—their financial accounts could be closed, they could be

[1] Plaintiff voluntarily withdrew her breach of contract and unjust enrichment claims on December 5, 2024. (Status Report, ECF No. 32.)
[2] The following facts are taken from the Amended Complaint and accepted as true for the purposes of the instant motion.

prevented from opening new accounts, and they may otherwise be blacklisted by other financing institutions all together. (*Id.* ¶ 7.)

In October 2021, Plaintiff discovered that Defendant had provided false reports that she engaged in fraud to at least one CRA. (*Id.* ¶ 18.) Specifically, Defendant flagged and reported Plaintiff's attempted deposit of a check made out to her husband from her husband's union as fraud. (*Id.*) According to the Amended Complaint, Plaintiff's account was otherwise in good standing, Plaintiff had never committed fraud, and the check at issue was properly endorsed by her husband to be deposited into her account. (*Id.*)

In March 2022, Plaintiff sent letters to the Defendant and the known CRA to dispute the reported fraud. (*Id.* ¶ 19.) Plaintiff included with the letters a paycheck stub, a copy of the check in question, a copy of her marriage certificate, and a letter from her husband's employer verifying the check's validity. (*Id.*) The CRA forwarded the dispute letter it received to Defendant. (*Id.* ¶ 20.) Despite receiving notice of Plaintiff's dispute twice—once from her letter and once from the CRA forwarding the dispute to Defendant—Defendant did not conduct a reasonable re-investigation into Plaintiff's dispute. (*Id.* ¶ 21.) On April 26, 2022, Defendant sent Plaintiff a letter stating that upon review, Defendant had determined that the reported fraud was accurately reported. (*Id.* ¶ 22.) Plaintiff subsequently requested her file from the CRA, which she received on November 13, 2023. (*Id.* ¶ 23.) According to the Amended Complaint, the information in Plaintiff's file confirmed that the CRA had reported the erroneous fraud to numerous entities including Factor Trust and Progress Finance, LLC on December 20, 2022 and Trans Union and Mission Lane on July 11, 2023. (*Id.*)

Plaintiff once again sent dispute letters to Defendant and the CRA in January 2024. (*Id.* ¶ 24.) In addition to the same materials included in her first dispute letter, Plaintiff also included a

copy of the November 13, 2023 report she received and her husband's affidavit. (*Id.*) Similar to the first dispute letter, the CRA reported the dispute to the Defendant. (*Id.* ¶ 25.) Plaintiff alleges that Defendant again failed to conduct any re-investigation into the dispute despite being made aware of it. (*Id.* ¶ 26.) The CRA ultimately rejected Plaintiff's dispute, citing, among other things, that the Defendant had verified the accuracy of the reported fraud. (*Id.* ¶¶ 27, 29.) In addition to the aforementioned CRA, Plaintiff also received a letter on April 22, 2024 from a second CRA stating that Defendant reported to it that she had engaged in fraud. (*Id.* ¶ 30.)

Despite not sending any additional information to Defendant, Defendant sent Plaintiff a letter on May 15, 2024 informing her that it had completed its re-investigation. (*Id.* ¶ 32.) As a result of its re-investigation, Defendant indicated it would request both of the CRAs remove the reported fraud. (*Id.* ¶ 32.) Defendant declined to re-open Plaintiff's account that it had closed due to the alleged fraud. (*Id.* ¶ 34.) Plaintiff further alleges that Defendant never returned the copy of her husband's check that she sent to it as part of the dispute letter. (*Id.* ¶ 36.) As a result of the allegedly erroneous reporting, Plaintiff states she was unable to complete job readiness training programs for employment within the banking sector and that she was forced to opt out of FDIC placement opportunities. (*Id.* ¶ 38.)

This lawsuit was filed on April 25, 2024 (Compl., ECF No. 1.) On August 2, 2024, Plaintiff filed her Amended Complaint. (Am. Compl.) On January 23, 2025, Defendant filed a motion for a pre-motion conference in anticipation of its motion to strike class allegations. (Ltr. Mot., ECF No. 33.) By order dated April 15, 2025, the Court denied Defendant's motion for a pre-motion conference and referred Defendant's anticipated motion to strike class allegations to Magistrate Judge Marcia M. Henry for report and recommendation. On May 15, 2025, Defendant filed the fully briefed motion to strike class allegations. (Mot. Strike Class

Allegations, ECF No. 38.) On March 3, 2026, Magistrate Judge Henry filed a report and recommendation to the Court. (R. & R. ("R&R"), ECF No. 41.) The R&R recommends the Court deny Defendant's motion. (*Id.*) On March 17, 2026, Defendant filed its objections to the R&R. (Obj., ECF No. 42.) Plaintiff filed its memorandum in opposition to Defendant's objections on March 31, 2026. (Pl.'s Mem. Opp'n, ECF No. 43.)

**STANDARD OF REVIEW**

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection. *Id.* Where there are no objections to portions of the report, the district court "'need only satisfy itself that there is no clear error on the face of the record.'" *Est. of Ellington ex rel. Ellington v. Harbrew Imps. Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

**DISCUSSION**

Defendant lodges three main objections against the R&R. The Court finds Defendant's objections unavailing and thus adopts the R&R in its entirety.

*First*, Defendant argues that the R&R is erroneous because it suggests that any arguments in a motion to strike class allegations must be "entirely separate from class certification." (Def.'s Obj. at 3-4.) However, a court may grant a motion to strike class allegations based on "issues separate and apart from the issues that will be decided on a class certification" or where "from the face of the complaint [] it would be impossible to certify the alleged class regardless of the facts the plaintiffs may be able to obtain during discovery." *E.g.*, *Carr v. Johnson & Johnson*

*Consumer Inc.*, No. 21-CV-6557, 2023 WL 3504662, at *2 (E.D.N.Y. May 17, 2023) (internal citations and quotations omitted). As such, the R&R's conclusion that striking class allegations at this stage would be "unwarranted because [Defendant] fails to raise any issues that are 'separate and apart from the issues that will be decided on a motion for class certification'" was not in error. (R&R at 11 (quoting *Katz v. Esurance Prop. & Cas. Ins. Co.*, No. 24-CV-955, 2025 WL 750937, at *15 (E.D.N.Y. Mar. 10, 2025.)) In addition, the R&R also properly considers the other basis for which a court may grant a motion to strike. Namely, the R&R recommends that Defendant's motion to strike be denied "because [Defendant] does not show that it would be impossible to certify a class based on the allegations in the [Amended Complaint]." (R&R at 9.) Indeed, the R&R analyzes the Amended Complaint and finds that it sufficiently "alleges issues of fact or law that could plausibly satisfy the Rule 23 class certification requirements." (R&R at 11.) Accordingly, the Court finds that the R&R considered the proper bases for which a Court may grant a motion to strike class allegations and overrules Defendant's first objection.

*Second*, Defendant argues that the reasonableness of Defendant's re-investigations following dispute notices is a highly fact-dependent inquiry for which no class-wide proof is available such that the motion to strike should be granted. (Def.'s Obj. at 4-6.) As an initial matter, the availability of class-wide proof as to the reasonableness of Defendant's re-investigations is not "separate and apart from the issues that will be decided on a class certification" as that question goes to the very heart of the class certification analysis. *See Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 275 (E.D.N.Y. 2019) ("At the class certification stage, the plaintiffs' burden is not to prove the element of injury, instead it is to show that class-wide injury or impact is capable of proof at trial through evidence that is

common to the class rather than individual to its members." (internal citations and quotations omitted)).

Furthermore, this argument also does not demonstrate that it would be impossible to certify a class based on the face of the Amended Complaint. It is true that the reasonableness of an investigation is a highly fact-dependent inquiry. *See Suluki v. Credit One Bank*, NA, 138 F.4th 709, 720 (2d Cir. 2025). However, as Plaintiff aptly argues, discovery may show that Defendant's standard practice was not to conduct *any* post-dispute re-investigation at all. (Pl.'s Mem. Opp'n at 7.) Indeed, that is exactly what Plaintiff alleges happened to her. Plaintiff's Amended Complaint clearly alleges that Defendant practice was to "merely regurgitate[] whatever information is already in its records." (Am. Compl. ¶ 12.) Plaintiff further alleges that Defendant, "pursuant to its usual procedures," failed to conduct a re-investigation into her dispute resulting in a denial of her dispute twice. (Am. Compl. ¶¶ 21, 26.) Plaintiff even alleges that the Defendant "chose to investigate [Plaintiff's] dispute in May of 2024 for the *first time*." (*Id*. ¶ 32 (emphasis added).) Thus, Plaintiff argues, and it is possible for discovery to ultimately show, that Defendant's practice was to not conduct any re-investigation following a dispute notice. Therefore, because discovery may corroborate Plaintiff's class-wide allegation as to the lack of Defendant's re-investigation procedures, which can serve as class-wide proof, Defendant's argument fails. *See Steele-Warrick v. Microgenics Corp.*, No. 19-CV-6558, 2021 WL 1109052, at *14 (E.D.N.Y. Mar. 22, 2021) (finding that because discovery may corroborate Plaintiff's class-wide allegations, a motion to strike was inappropriate even where the inquiry was fact-intensive). Indeed, courts have certified a class after finding that the reasonableness of re-investigation procedures was "also susceptible to common proof." *Hines v. Equifax Info. Servs. LLC*, No. 19-CV-6701, 2024 WL 4132333, at *4 (E.D.N.Y. Sept. 10, 2024) (certifying the

class, in part, on the basis that "plaintiff expects to put forward evidence that during the proposed class period, [defendant] ha[d] a standard policy of addressing disputes . . . without conducting a further investigation"). Thus, because Defendant's argument is not "separate and apart" from class certification and does not demonstrate that Plaintiff will be unable to certify the class on the face of the Amended Complaint, it is not a basis to grant Defendant's motion to strike class allegations. *See Carr*, 2023 WL 3504662, at *2 (internal citations and quotations omitted).

*Third*, Defendant argues that Magistrate Henry failed to engage with the unique facts that emphasize that the motion to strike class allegations should be granted. (Def.'s Obj. at 6-7.) Not so. The facts Defendant argues Magistrate Judge Henry overlooked concern Defendant's initial fraud designation on Plaintiff's bank account.[3] Defendant itself recognizes that these facts are "critical details about the circumstances that led to [Defendant]'s reporting of suspected fraud" of Plaintiff's bank account. (Def.'s Obj. at 6.) Facts surrounding a bank's initial fraud designation are not germane to whether Plaintiff has pleaded that Defendant violated the FCRA by failing to conduct a reasonable investigation following a dispute notice. *See Jenkins v. AmeriCredit Fin. Servs., Inc.*, No. 14CV5687, 2017 WL 1325369, at *6 (E.D.N.Y. Feb. 14, 2017) ("To prevail on a claim [asserting that a defendant failed to conduct a reasonable re-investigation following a dispute notice], the plaintiff must establish: (1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher *thereafter* acted in willful or negligent noncompliance with the statute." (emphasis added) (internal citations and quotations omitted)). Indeed, Defendant's argument that the R&R overlooked these facts can be boiled down to this: Defendant believes that the Plaintiff is uniquely situated. (*See* Def.'s Obj.

[3] The facts that Defendants state that the R&R overlooks are: (i) the circumstances leading to Defendant's reporting of suspecting fraud; and (ii) the fact that Plaintiff does not allege that her husband, with whom she does not share a surname with, was an accountholder, authorized user, or otherwise associated with Plaintiff's bank account. (Def.'s Obj. at 6-7.)

at 7.) In other words, Defendant argues that Plaintiff's claims are atypical from the putative class. *C.f. E.B. v. New York City Bd. of Educ.*, No. CV-02-5118, 2005 WL 8156773, at *8 (E.D.N.Y. June 30, 2005) ("[Typicality] is satisfied where each class member makes similar legal arguments and each claim arises from the same course of events."). Given that the question of whether a class representative's claims "are typical of the claims . . . of the class" is one of the questions answered at the class certification stage, *Rodiboux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993) (citing Fed. R. Civ. P. 23(a)), Defendant's argument is more properly decided on a motion to certify a class rather than a motion to strike class allegations. *See Carr*, 2023 WL 3504662, at *2.

## CONCLUSION

For the aforementioned reasons, Defendant's objections to the R&R are DENIED. The Court has reviewed the R&R for clear error and, finding none, hereby adopts the R&R in its entirety as the opinion of this Court. Accordingly, Defendant's motion to strike class allegations is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge